OPINION
{¶ 1} Sharon Eland appeals from the judgment of the Painesville Municipal Court, which adopted a magistrate's decision, finding against appellant on her breach of contract action. We affirm.
 {¶ 2} Appellant and appellee divorced in 1992, but had an on-again off-again relationship from 1992 through 1998. In May 1998, appellant and appellee were living together at appellant's home and decided to take out an $18,000 credit line, primarily to pay mortgage arrearages and other bills. The credit line was secured by a mortgage on appellant's residence. Appellee co-signed the note.
 {¶ 3} The evidence presented established appellant almost immediately transferred the full amount of the credit line into her bank account. The evidence also established that this money was used primarily to pay off bills incurred by appellant and to catch up on mortgage payments owed by appellant.
 {¶ 4} The parties exhausted the credit line, and appellant subsequently restructured the note several times. The payments on the credit line were consistently in arrears.
 {¶ 5} The parties' relationship soured and appellee moved out of appellant's residence. Appellant then paid off the credit line by taking an additional mortgage.
 {¶ 6} Appellant sued appellee alleging she and appellee had an oral contract for appellee to pay one-half of the debt and interest owed on the credit line. The matter was tried before a magistrate who found appellant had failed to prove the existence of an oral contract. Appellant objected to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision. Appellant filed a timely appeal, raising two assignments of error for our review:
 {¶ 7} "[1.] THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SHIFTING THE BURDEN OF PROOF TO PLAINTIFF-APPELLANT REQUIRING HER TO PROVE THAT DEFENDANT-APPELLEE WAS A PRINCIPAL MAKER RATHER THAN AN ACCOMODATION MAKER OF THE CREDIT LINE AGREEMENT."
 {¶ 8} "[2.] THE TRIAL COURT'S FINDING THAT PLAINTIFF-APPELLANT, PURSUANT TO R.C. 1303.14, WAS NOT ENTITLED TO CONTRIBUTION FROM DEFENDANT-APPELLANT FOR MONIES AND INTEREST SHE PAID TOWARD THE BENEFICIAL CREDIT LINE AGREEMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} We address appellant's assignments of error together.
 {¶ 10} In her first assignment of error, appellant argues the trial court erred because it shifted the burden to her to prove appellee was a principal maker of the credit line, rather than an accommodation maker. In her second assignment of error, she argues the trial court's judgment was against the manifest weight of the evidence as she was entitled to contribution under R.C.1303.14.
 {¶ 11} The difficulty for appellant lies in the fact that she did not plead a cause of action alleging appellee was liable to her for contribution under R.C. 1303.14. She pleaded only a cause of action for breach of oral contract. Appellant made no mention of the applicability of R.C. 1303.14 until she filed her objections to the magistrate's decision.
 {¶ 12} Further, Civ.R. 15(B) provides:
 {¶ 13} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
 {¶ 14} Appellant never moved to amend her complaint to conform to the evidence as required by Civ.R. 15(B); thus appellant has waived any claim she may have had in this action for contribution under R.C. 1303.14.
 {¶ 15} Furthermore, a thorough review of the record indicates that the trial court did not lose its way when it decided that appellee was not obligated to appellant on the equity loan. The witness testimony at trial was contradictory at best with appellant's recollection serving her better interest and appellee's recollection serving his better interest. This conflicting testimony must be examined in conjunction with the other evidence presented to the trial court: the distribution of the money, the control of the funds, the lack of any signed agreement between appellant and appellee, the decision not to add appellee's name to the residence secured by the loan, and the failure to produce any corroborating testimony to support appellant's position. Clearly the trial court's decision is supported by the overwhelming evidence in favor of appellee.
 {¶ 16} For these reasons, appellant's assignments of error are without merit, and the judgment of the Painesville Municipal Court is affirmed.
Donald R. Ford, P.J., concurs, William M. O'Neill, J., dissents with Dissenting Opinion.